UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cr-20153-KMM-1

UNITED STATES OF AMERICA,

v.

MINNELA ORDIN MOORE,

    Defendant.
    _____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Minnela Ordin Moore's (1) ("Defendant") Motion to Suppress Physical Evidence and Statements. ("Mot.") (ECF No. 15). The Government filed a response, ("Resp.") (ECF No. 21), and Defendant did not file a reply. The Court referred the matter to the Honorable Jacqueline Becerra, United States Magistrate Judge. (ECF No. 8). Magistrate Judge Becerra held an evidentiary hearing on this matter, (ECF No. 30), and issued a Report and Recommendation ("R&R") recommending that Defendant's Motion be DENIED. (ECF No. 43). Defendant filed Objections to the R&R. ("Objs.") (ECF No. 44). The Government filed a response to Defendant's Objections. ("Objs. Resp.") (ECF No. 45). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784

(11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id*.

In Defendant's Motion, he seeks the "suppression of all physical evidence and statements which were obtained from him." Mot. at 3. Defendant's main argument is that he did not voluntarily consent to the search of his backpack, which contained a firearm. *Id*. at 3–4. Defendant also argues that subsequent statements that he made should be suppressed because they were the "direct product of the illegal search." *Id*. at 4. In response, the Government contends that Defendant was lawfully detained and that he voluntarily consented to the search of his backpack. *See generally* Resp. In the R&R, Magistrate Judge Becerra recommends that Defendant's Motion be DENIED. The Court agrees.

In the R&R, Magistrate Judge Becerra sets forth the following relevant facts. First, police responded to a domestic violence 911 call and arrived on the scene to find a female ("A.H.") "who identified Defendant as the man who assaulted her." R&R at 1–2. Second, while A.H. attempted to gather information regarding the alleged assault, the officers waited on the scene for approximately forty (40) minutes. *Id*. at 2–3. Third, during this time, although Defendant was uncuffed, he was not free to leave the vicinity during the investigation. *Id*. at 3. Fourth, the officers' Body Worn Camera footage revealed that A.H. and Defendant got into an argument in the presence of the officers, during which A.H. accused Defendant of possessing a firearm. *Id*. Fifth, after that accusation, the following exchange occurred:

> **Officer Simington:** Hey boss, you don't got anything in that bag right?
> **Defendant:** No.
> **Officer Simington:** No? Okay. You mind if I go and check your bag real quick? . . . Minella . . . you [] got nothing in your bag, right?
> **Defendant:** Nah. Go ahead.
> **Officer Simington**: Okay.

*Id*. at 3–4. Defendant also gestured toward the backpack. *Id*. at 4. The footage showed that Officer Simington "did not proceed toward the backpack until after consent was secured." *Id*. Sixth, during the "search of the backpack, Officer Simington located the subject firearm. *Id*. Defendant did not deny that the backpack was his property; rather, Defendant stated that he had taken possession of the firearm from another individual the previous day." *Id*. No evidence of the alleged assault of A.H. was found by, or provided to, the officers. *Id*. at 3.

Magistrate Judge Becerra found that, based on the totality of the circumstances, "Defendant's consent to the search of his backpack was voluntary." *Id*. at 6.

First, Magistrate Judge Becerra found that Defendant was not detained for an unreasonable amount of time because during that time, the officers: (1) diligently engaged in an ongoing investigation, (2) attempted to de-escalate arguments between Defendant and A.H., (3) were waiting for A.H. to provide video which she said would confirm the alleged domestic assault, and (4) had to respond to a disturbance down the street which threatened to impair their investigation. *Id*.

Second, Magistrate Judge Becerra rejected Defendant's argument that he did not give clear consent to search the backpack because: (1) although the initial pat down of Defendant revealed no weapons, Officer Simington sought a confirmation that the backpack did not contain any firearms after A.H. insisted that Defendant was in possession of a firearm, (2) Defendant was not handcuffed and, contrary to his assertion otherwise, the backpack was within reach at the time the officers arrived on the scene, (3) the officers did not draw their weapon, make any threats, use any force, or make any physical contact in connection with their efforts to obtain consent to search the backpack, (4) Officer Simington's request to search the backpack was made in a "conversational and non-threatening manner," (5) Officer Simington did not proceed with searching the backpack until consent was procured, and (6) the Body Worn Camera footage reveals that Defendant gave verbal consent to

3

search and gestured toward the backpack. *Id*. at 6–7. For these reasons, Magistrate Judge Becerra found that Defendant gave Officer Simington clear consent to search the backpack. *Id*. at 7.

Third, Magistrate Judge Becerra found that, based on clear Eleventh Circuit precedent, the Officer's failure to inform Defendant that he could refuse consent "does not render the consent involuntary." *Id.* at 7 (quoting *United States v. Rodriguez Perez*, 798 F. App'x 536, 540 (11th Cir. 2020) ("While knowledge of the right to refuse consent is one factor to be taken into account, the government need not establish such knowledge as the sine qua non of an effective consent.")). Thus, Magistrate Judge Becerra found that "Officer Simington's failure to inform Defendant that he could deny consent is not dispositive and does not render Defendant's consent involuntary given the totality of the circumstances." *Id*. at 8. Relatedly, Magistrate Judge Becerra rejected Defendant's arguments that the backpack did not pose any danger to the officers because "the basis for the search was not officer safety because the bag was searched upon Defendant's consent, which was requested after A.H. repeatedly insisted that Defendant was in possession of a firearm." *Id*. at 8 n.3.

Now, in his Objections, Defendant argues that Magistrate Judge Becerra incorrectly concluded that he voluntarily consented to Officer Simington's search of his backpack because: (1) of the length of the detention, (2) Defendant was not free to leave, and (3) Defendant was never told he could refuse consent. Objs. at 5. Defendant notes that the underlying allegations of his assault on A.H. have not been proven. *Id*. at 6. Defendant also notes that despite A.H.'s assertion that he had a gun, a pat-down search did not produce a gun. *Id*. Additionally, Defendant argues that his "submission to lawful authority after 40 minutes of detention – regardless of the absence of physical restraint – renders the consent involuntary and merely a submission to lawful authority." *Id*.

4

In response, the Government argues that the video evidence and Officer Simington's testimony at the evidentiary hearing support that Defendant consented to the search of his backpack. Objs. Resp. at 1. Additionally, the Government asserts that Magistrate Judge Becerra found Officer Simington to be credible during the suppression hearing, and Defendant has not objected to that finding. *Id*. The Government also argues that the testimony and evidence support Magistrate Judge Becerra's finding that the officers diligently engaged in an ongoing investigation up until the point of consent. *Id*. Lastly, the Government maintains that Defendant's Objections are the same legal arguments that were raised in its Motion to suppress, and therefore, the Government reasserts the arguments raised in its earlier Response. *Id*. at 2.

For the reasons discussed below, the Court finds that Defendant's Objections are without merit.

To begin, the Court finds that Defendant has not provided any basis to dispute Magistrate Judge Becerra's factual findings. Other than noting that Officer Simington acknowledged that the consent was hard to hear, Defendant raises no serious objection to Magistrate Judge Becerra's factual finding that he responded "go ahead" and gestured towards the bag in response to Officer Simington asking if he can search the bag. Resp. at 3. The evidence adduced at the evidentiary hearing reflects that Defendant consented to a search of his backpack in response to a non-threatening, non-forceful, and conversational request by Officer Simington. R&R at 7.

Further, as noted by Magistrate Judge Becerra, under clear Eleventh Circuit precedent, the Officer's failure to inform Defendant that he could refuse consent "does not render the consent involuntary." *Id.* at 7 (quoting *United States v. Rodriguez Perez*, 798 F. App'x at 540 ("While knowledge of the right to refuse consent is one factor to be taken into account, the government need not establish such knowledge as the sine qua non of an effective consent.")). Moreover, Magistrate

Judge Becerra also concluded that "the prolonged nature of a detention does not, in and of itself, render consent involuntary." R&R at 5 (citing *Shriner v. Wainwright*, 715 F.2d 1452, 1455 (11th Cir. 1983) (concluding that a confession made following a ten-hour detention was "not coerced or involuntary")). Thus, the fact that Defendant was detained for 40 minutes while the police officers conducted a diligent investigation does not, on its own, render his consent involuntary. It is of no import that the underlying investigation did not uncover evidence of assault because the officers conducted a diligent investigation and Defendant does not assert that the officers did not have probable cause or reasonable suspicion to detain him in the first place. Thus, Officer Simington's failure to inform Defendant of his right to refuse and the length of Defendant's detention do not render Defendant's confession involuntary when considered independently. Therefore, the Court now turns to whether these factors, considered in light of the totality of the circumstances, rendered Defendant's consent involuntary.

The Court agrees with Magistrate Judge Becerra that, based on the totality of the circumstances, Defendant's consent to the search of his backpack was voluntary. Two cases from the Eleventh Circuit are instructive here. In *Rodriguez Perez*, the Eleventh Circuit found consent voluntary where a defendant was detained in handcuffs, despite the fact that he was not informed that he could refuse to consent. 798 F. App'x at 543. In *United States v. Espinosa-Orlando*, the Eleventh Circuit found consent voluntary where law enforcement agents had their weapons drawn and "no abusive language or physical threats were at any time directed at [the defendant], who had not been handcuffed, placed within a police vehicle, or transported away from the location of the stop." 704 F.2d 507, 510 (11th Cir. 1983)). Here, unlike in *Rodriguqz Perez* and *Espinosa-Orlando*, respectively, Defendant was not handcuffed, and the police officers' weapons were not drawn. *See generally* R&R. As discussed above, Defendant's consent was obtained during a detention which

took no longer than was necessary. There is no claim or indication that Officer Simington used force or was otherwise verbally abusive to Defendant in procuring consent and Defendant's consent was in response to a non-threatening, non-forceful, and conversational request by Officer Simington. *Id.* at 7. The fact that the initial pat-down search of Defendant did not reveal a gun is irrelevant because he consented to the search of his backpack and, in any event, the search of his backpack was only sought after A.H. insisted Defendant was in possession of a firearm. Additionally, the veracity of the original allegation of domestic assault—which has not been proven—has very little, if any, impact on the issue of whether Defendant voluntarily consented to the search of his backpack following A.H.'s repeated assertion that Defendant was in possession of a firearm. For these reasons, the Court agrees with Magistrate Judge Becerra that, considering the totality of the circumstances, Defendant's consent to the search of his backpack was voluntary.

Defendant's theory for suppressing the statement is that it was the direct product of an illegal search. Mot. at 4. Thus, because the underlying search was legal, the Court finds that Defendant's arguments relating to the statement are without merit. *Id.* at 4.

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Becerra's R&R (ECF No. 43) is ADOPTED. Defendant's Motion to Suppress Physical Evidence and Statements (ECF No. 15) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this *13th* day of July, 2021.

*[signature]*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record